IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN MIZUKAMI, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> DONNA EDWARDS; THOMAS D. ) <br> COLLINS III; The STATE OF ) <br> HAWAII and Gov. NEAL ) <br> ABERCROMBIE, Hon. BERT I. ) <br> AYABE judge of Circuit Court ) <br> of First Circuit, Hon. DANIEL ) <br> R. FOLEY judge Intermediate ) <br> Court of Appeals, DOES 1-10, ) <br> ) <br>       Defendants. ) <br> _____ ) | CIVIL NO. 12-00103 LEK-BMK |

**ORDER DISMISSING COMPLAINT, DENYING PETITION FOR
INJUNCTIVE RELIEF & DECLARATORY JUDGMENT,
<u>AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS</u>**

On February 21, 2012, pro se Plaintiff Glenn K. Mizukami ("Plaintiff") filed a Verified Complaint ("Complaint), an Application to Proceed In Forma Pauperis and Affidavit ("Application"), and a Petition for Injunctive Relief & Declaratory Judgment ("Petition"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITH PREJUDICE for failure to state a claim upon which relief can be

granted.  Further, the Court HEREBY DENIES the Application and the Petition as moot.

## BACKGROUND

The instant case arises from several Hawai'i state court proceedings involving Plaintiff and Defendant Donna Edwards ("Edwards"), his ex-wife.  The Complaint states that Plaintiff and Edwards married and had a son in 1986, and then divorced in 1991.  [Complaint at ¶ 3.]  Edwards was apparently represented in several state family court actions involving Plaintiff by Defendant Thomas Collins ("Collins").  [Id. at ¶ 4.]  Plaintiff alleges that Edwards and Collins conspired with state court judges Bert Ayabe ("Judge Ayabe") and Daniel Foley ("Judge Foley") to deny him due process in violation of 42 U.S.C. §§ 1983, 1985, and 1986.  [Id. at ¶ 6.]  He alleges that these state court judges, the State of Hawai'i, and Governor Neil Abercrombie (collectively "State Defendants") are vicariously liable for the "judges' other non-discretionary torts pretensed (sic) in 'scope of office'".  [Id. at ¶ 7.]

Plaintiff alleges that, under family court support orders entered in 2001 and 2002, the state courts denied Edwards' claims for child support, but awarded her over $30,000 in attorneys' fees.  On appeal, Judge Foley awarded Edwards and Collins $8,613 and $7,054 in attorneys' fees.  [Id. at ¶¶ 15-20.] According to Plaintiff, Collins then "filed illegal Nonconsensual

2

Lien 6/18/04 No. 2004-123147 as trespass of Plaintiff's Homestead to unconstitutionally obstruct title to destroy Plaintiff's creditability (sic) & livelihood[.]"  [Id. at ¶ 21.]  It appears that Plaintiff attempted to expunge the lien, but was unsuccessful in either Circuit or Family Court, and his appeal was denied by Judge Foley.  [Id. at ¶¶ 22, 24-25.]

Although not entirely clear, it appears that Plaintiff alleges that Judge Ayabe issued several minute orders in an unspecified state court matter in 2010 regarding a "'post-judgment foreclosure' of Family Court vacated voided-fees lien[.]"  [Id. at ¶¶ 25-26.]  Plaintiff alleges that these minute orders denied Plaintiff due process and equal protection, and that Judge Ayabe "tampered" with court records and the Circuit Court Clerk's Record on Appeal ("ROA") to discard one of the minute orders.  [Id. at ¶¶ 28-30.]  On appeal, Judge Foley allegedly "complicitly denied Plaintiff's repeated Motions to correct tampered ROA," refused to recuse himself, and dismissed the appeal.  [Id. at ¶¶ 32-34.]  Plaintiff seeks damages "exceeding $300,000".  [Id. at ¶ 48.]

In his concurrently filed Petition, Plaintiff seeks injunctive relief to expunge the lien and "award Plaintiff $350,000 reparation" [Petition at ¶ 1,] and a declaratory judgment that the various defendants deprived him of his rights and are liable for "exemplary damages of at least $1,200,000"

3

[id. at ¶ 2].

## DISCUSSION

This district court has recognized that:

> A court may deny leave to proceed *in forma pauperis* at the outset if it appears from the facts of the proposed complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).
> As such, *pro se* plaintiffs proceeding *in forma pauperis* "must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 [(9th Cir. 1987)] (internal citations omitted).

Lopez-Ruiz v. Tripler Army Med. Ctr., Civil No. 11-00065 SOM/KSC, 2011 WL 466784, at *1 (D. Hawai`i Feb. 4, 2011) (some alterations in original).

Plaintiff is appearing pro se; consequently, this Court will liberally construe his pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

Plaintiff brings the instant action for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986; Haw. Rev. Stat. Chapters 661, 662, and 663; and under 28 U.S.C. § 1652. [Complaint at ¶¶ 9-10.] The Complaint also asserts that this

4

Court has subject jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Plaintiff's reliance on these statutes is misplaced.

I. **Claims Barred by Rooker-Feldman Doctrine**

As a preliminary matter, to the extent Plaintiff's claims seek to attack the various final state court orders, judgments, and liens, such claims are barred by the Rooker-Feldman doctrine. "As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings." Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995). This legal theory, commonly referred to as the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), collectively referred to as Rooker-Feldman), precludes federal adjudication of a claim that "amounts to nothing more than an impermissible collateral attack on prior state court decisions." Id.

Under the Rooker-Feldman doctrine, "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson

v. De Grandy, 512 U.S. 997, 1005-06 (1994)).  The Rooker-Feldman doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented.  Jurisdiction is lacking even if the state court decision is challenged as unconstitutional.  Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.  The Rooker-Feldman doctrine, however, does not apply to a general constitutional challenge that does not require review of a final state court decision in a particular case.  See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

Here, Plaintiff is directly attacking the various state court proceedings, and this Court cannot review these claims.  To be clear, pursuant to the Rooker-Feldman doctrine, this Court cannot review and overturn the final determinations of a state court.  See id.  Plaintiff's Complaint, construed most favorably to Plaintiff, at most alleges that Plaintiff's constitutional rights were violated; if the Court were to adjudicate this claim, it would have to review the state court proceedings, which it is barred from doing.

To the extent Plaintiff's claims are not barred by Rooker-Feldman, the Court nevertheless finds that he fails to

state a claim against Defendants Edwards, Thomas, and the State Defendants, as set forth below.

## II.  <u>Claims Against Edwards and Collins</u>

Plaintiff fails to state a claim against Edwards and Collins pursuant to 42 U.S.C. § 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Plaintiff's Complaint does not state a plausible § 1983 claim against Edwards and Collins, who were not state-actors acting under the color of law.

> [A] person "subjects" another to the deprivation of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  The requisite causal connection may be established when an official sets in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict" constitutional harms.  <u>Id.</u>

<u>Preschooler II v. Clark Cnty. Sch. Bd. of Trs.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007) (some citations omitted).  Generally, private actors are not acting under color of state law.  See <u>Price v. Hawai'i</u>, 939 F.2d 702, 707-08 (9th Cir. 1991).  A

private actor acts under color of law for § 1983 purposes when the allegedly improper conduct is fairly attributable to the State. Id.

Although Plaintiff alleges that Edwards and/or Collins conspired with the state court judges in violation of 42 U.S.C. § 1986, the allegations are insufficient to establish a conspiracy to violate his federal rights. A plaintiff must allege an "'agreement or meeting of the minds' to violate constitutional rights" between a private party and the government. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). The Ninth Circuit requires a "substantial degree of cooperation" between the government and a private citizen before finding such a conspiracy. Id. Here, Plaintiff has made no allegations which, if proved, could establish the substantial cooperation required by the Ninth Circuit. The Court finds that Plaintiff fails to state a federal claim against Edwards and Collins. To the extent Plaintiff alleges non-federal claims against Edwards and Collins, the Court is without diversity jurisdiction to hear these purely state law claims, and declines to exercise its supplemental jurisdiction.

Moreover, the Court recognizes that Plaintiff previously brought nearly identical claims in this district court against Defendants Edwards and Collins in Civil No. 09-00550 SOM/BMK. The district court dismissed with prejudice Plaintiff's Complaint and denied as moot his Application to Proceed Without Prepayment of Fees, on the grounds that his claims relating to these same state court proceedings were barred by Rooker-Feldman. [Order Dismissing Complaint; Order Denying Plaintiff's Application to Proceed Without Prepayment of Fees, filed 11/18/09 (dkt. no 5).]

To the extent the instant matter again raises these claims against the same parties, they are barred as to these defendants by res judicata and collateral estoppel. See Spinney v. Greenwich Capital Fin. Prods., Inc., No. Civ. 05-00747 ACK/KSC, 2006 WL 1207400, at *5 (D. Hawai'i May 3, 2006) ("The three critical issues to which Hawaii courts look in determining whether the doctrines of res judicata and collateral estoppel are applicable are: (1) 'Was the issue decided in the prior adjudication identical with the one presented in the action in question?' (2) 'Was there a final judgment on the merits?' and (3) "Was the party against whom the [doctrine] is asserted a party or in privity with a party to the prior adjudication?'") (citations omitted).

On the basis of the foregoing, Plaintiff's claims against Edwards and Collins are barred as a matter of law. The Court further FINDS that granting Plaintiff leave to amend his claims against Edwards and Collins would be futile. See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."). The claims against Edwards and Collins are DISMISSED WITH PREJUDICE.

### III. Claims Against State Defendants

All of Plaintiff's claims against the State Defendants are barred by the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-4 (1967). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damage . . . [and] is not overcome by allegations of bad faith or malice. . . ." Mireless v. Waco, 502 U.S. 9, 11 (1991).

> The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) (applying judicial immunity to § 1983 action). As the United States Supreme Court explained in the case of Forester v. White:
>
> If judges were personally liable for erroneous decisions, the resulting avalanche

of suits, most of them frivolous, but
vexatious, would provide powerful incentives
for judges to avoid rendering decisions
likely to provoke such suits.  The resulting
timidity would be hard to detect or control
and would manifestly detract them from
independent and impartial adjudication.

Forester v. White, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Id.  Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds).  "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."  Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)).  Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions.  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 355, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Two limitations on the doctrine of judicial immunity exist.

First, Judges are absolutely immune from civil liability for actions taken in their

11

>           official capacities, unless committed in the
>           complete absence of all jurisdiction. Mireles,
>           502 U.S. at 11-12; Stump, 435 U.S. at 360;
>           Pierson, 386 U.S. at 554.
>                 . . . .
>           Second, only judicial acts are protected by
>           absolute judicial immunity. Mireles, 502 U.S. at
>           12. The United States Supreme Court in Stump
>           explained that "whether an act by a judge is a
>           'judicial' one relate[s] to the nature of the act
>           itself, i.e., whether it is a function normally
>           performed by a judge, and to the expectations of
>           the parties, i.e., whether they dealt with the
>           judge in his judicial capacity." Stump, 435 U.S.
>           at 362; see also Forrester, 484 U.S. at 227-229.

Sakuma v. Assoc. of Condo. Owners of Tropics at Waikele ex rel. its Bd. of Dirs., Civil No. 08-00502 HG/KSC, 2009 WL 89119, at *3-4 (D. Hawai'i Jan. 13, 2009). The allegations here relate solely to judicial acts taken by the judges in their official capacities, and were not committed in the complete absence of jurisdiction.

On the basis of the foregoing, Plaintiff's claims against the State Defendants are barred by the doctrine of judicial immunity. The Court further FINDS that granting Plaintiff leave to amend his claims against the State Defendants would be futile; that is, the deficiencies identified above cannot be cured by amendment. See Flowers, 295 F.3d at 976; Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (stating that pro se plaintiffs must be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured

by amendment). The claims against the State Defendants are DISMISSED WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed February 21, 2012, is HEREBY DISMISSED WITH PREJUDICE, and Plaintiff's Application to Proceed In Forma Pauperis and Affidavit, and Plaintiff's Petition for Injunctive Relief & Declaratory Judgment, also filed February 21, 2012, are HEREBY DENIED AS MOOT. The Clerk of Court is directed to (1) serve the present Order on Attorney Thomas Collins and on Hawai'i State Attorney General David Louie, who in turn are asked to notify the respective named Defendants whom they represent or have represented that this Order has been entered, and (2) close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 29, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GLENN MIZUKAMI V. DONNA C. EDWARDS, ET AL; CIVIL NO. 12-00103 LEK-BMK; ORDER DISMISSING COMPLAINT, DENYING PETITION FOR INJUNCTIVE RELIEF & DECLARATORY JUDGMENT; AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**