IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLENN MIZUKAMI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DONNA EDWARDS; THOMAS D. ) <br> COLLINS III; The STATE OF ) <br> HAWAII and Gov. NEAL ) <br> ABERCROMBIE, Hon. BERT I. ) <br> AYABE judge of Circuit Court ) <br> of First Circuit, Hon. DANIEL ) <br> R. FOLEY judge Intermediate ) <br> Court of Appeals, DOES 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL NO. 12-00103 LEK-BMK |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**

On February 21, 2012, pro se Plaintiff Glenn K. Mizukami ("Plaintiff") filed a Verified Complaint ("Complaint"), an Application to Proceed In Forma Pauperis and Affidavit ("Application"), and a Petition for Injunctive Relief & Declaratory Judgment ("Petition"). The Court dismissed the Complaint with prejudice and denied the Application and Petition as moot in a February 29, 2012 Order ("Order"). Judgment was entered the same day. On March 9, 2012, Plaintiff filed a Motion to Amend Judgment ("Motion"), asking the Court to amend the Order and judgment of dismissal, and to accept his proposed First

Amended Complaint.[1]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, Plaintiff's proposed First Amended Complaint, and the relevant legal authority, this Court HEREBY DENIES the Motion.

## BACKGROUND

In its Order, the Court dismissed the Complaint because Plaintiff failed to state claims for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1986; Haw. Rev. Stat. Chapters 661, 662, and 663; and under 28 U.S.C. § 1652.  Plaintiff alleged that Defendant Donna Edwards ("Edwards"), his ex-wife, and her attorney, Defendant Thomas Collins ("Collins"), conspired with state court judges Bert Ayabe ("Judge Ayabe") and Daniel Foley ("Judge Foley") to deny him due process in violation of 42 U.S.C. §§ 1983, 1985, and 1986.  [Complaint at ¶¶ 1-6.]  He alleges that these state court judges, the State of Hawai'i, and Governor Neil Abercrombie (collectively "State Defendants") are vicariously liable for the "judges' other non-discretionary torts pretensed (sic) in 'scope of office'".  [Id. at ¶ 7.]

---

[1] The proposed First Amended Complaint is attached to the Motion as Exhibit 1.

Plaintiff alleged that, under family court support orders entered in 2001 and 2002, the state courts denied Edwards' claims for child support, but awarded her over $30,000 in attorneys' fees.  On appeal, Judge Foley awarded Edwards and Collins $8,613 and $7,054 in attorneys' fees.  [Id. at ¶¶ 15-20.] According to Plaintiff, Collins then "filed illegal Nonconsensual Lien 6/18/04 No. 2004-123147 as trespass of Plaintiff's Homestead to unconstitutionally obstruct title to destroy Plaintiff's creditability (sic) & livelihood[.]"  [Id. at ¶ 21.]

The Court ruled that, to the extent Plaintiff's claims sought to attack the various final state court orders, judgments, and liens, such claims are barred by the Rooker-Feldman doctrine. The Court further ruled that, to the extent Plaintiff's claims were not barred by Rooker-Feldman, Plaintiff failed to state a claim against Defendants Edwards and Collins (1) because they were not state actors, and (2) under the doctrine of res judicata, and against the State Defendants based upon their absolute judicial immunity.

In the instant Motion, Plaintiff appears to argue that his claims are not barred by the Rooker-Feldman doctrine because he does not attack any final state court judgments, rather he seeks "relief of lien by expungement," [Mem. in Supp. of Motion at 3,] and that a lien "is not a State judgment; is a **private** lien filed by COLLINS **without and Court's 'Lien-Order'. . . .**"

3

[Id. (emphases in original).]  He further argues that his claims against Edwards and Collins are not barred by res judicata because they involve allegations of conduct occurring after the previously entered judgments in his earlier actions.  Finally, he appears to argue that the State Defendants are not shielded by absolute judicial immunity because they acted in the absence of jurisdiction and should have been disqualified.  [Id. at 4-5.]

## DISCUSSION

Plaintiff is appearing pro se; consequently, this Court will liberally construe his pleadings.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

Plaintiff states that he brings the Motion pursuant to Fed. R. Civ. P. 59.  Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend the judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  Plaintiff's Motion is therefore timely under the rule.  There are four grounds upon which a Rule 59(e) motion may be granted:

> 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change

in controlling law." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) ("Reconsideration under Rule 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." (citation and internal quotation marks omitted)).

Rule 59(e) offers "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Hawai‘i 2003) (quoting Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)).  Nor may the reconsideration motion be "based on evidence and legal arguments that could have been presented at the time of the challenged decision." Comeaux v. Hawaii, Civ. No. 06-00341 SOM/BMK, 2007 WL 2300711, at *1 (D. Hawai‘i Aug. 8, 2007) (citation omitted). "Whether or not to grant reconsideration is committed to the sound discretion of the court." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai‘i 2006) (citing Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d

1041, 1046 (9th Cir. 2003)).

Here, the Motion must be denied because it raises no new evidence, no intervening change in the law, and no manifest error of law or fact.  As to Plaintiff's first argument, that his claims are not barred by Rooker-Feldman, the allegations in his proposed First Amended Complaint, like those in his original Complaint, indicate that he is, in fact, challenging final state court decisions.  For example, his Complaint states that "FOLEY affirmed court's refusal to expunge as on 'discretion of judge' to trump State Statute", and that "judges still abet COLLINS by refusals to expunge lien & award reparation to make Plaintiff whole; Homestead remains levied[.]"  [Complaint at ¶¶ 22, 36.] Further, the Plaintiff submits as Exhibit 10b to his proposed First Amended Complaint a single page from a Hawai'i Bureau of Conveyances document, No. 2004-123147, recorded on June 18, 2004, entitled "Title of Document: Order Granting in Part and Denying in Part Plaintiff's Motion and Affidavit for Post-Decree Relief Filed On April 30, 2001 and July 16, 2001, and Denying Defendant's Motions and Affidavit for Post-Decree Relief Filed on June 1, 2001 and July 19, 2001."  Thus, to the extent Plaintiff argues that he seeks expungement by this Court of any liens recorded against him in the Hawai'i Bureau of Conveyances pursuant to state court order, the Court denies the Motion.

Next, with respect to his argument that his claims against Edwards and Collins are not barred by res judicata, his argument is misplaced. As the Court explained in its Order, Plaintiff's current claims are only barred to the extent they satisfy the requirements of the res judicata doctrine; the doctrine does not act as a blanket bar to all of the claims against Edwards and Collins:

> To the extent the instant matter again raises these claims against the same parties, they are barred as to these defendants by res judicata and collateral estoppel. See Spinney v. Greenwich Capital Fin. Prods., Inc., No. Civ. 05-00747 ACK/KSC, 2006 WL 1207400, at *5 (D. Hawai'i May 3, 2006) ("The three critical issues to which Hawaii courts look in determining whether the doctrines of res judicata and collateral estoppel are applicable are: (1) 'Was the issue decided in the prior adjudication identical with the one presented in the action in question?' (2) 'Was there a final judgment on the merits?' and (3) "Was the party against whom the [doctrine] is asserted a party or in privity with a party to the prior adjudication?'") (citations omitted).

Order at 9. Plaintiff fails to establish that he is entitled to relief pursuant to Rule 59(e) as to this argument.

Finally, Plaintiff appears to argue that his claims against the State Defendants are not barred by the doctrine of judicial immunity because the state judges acted "without jurisdiction." [Mem. in Supp. of Motion at 5.] As the Court explained in its Order:

> "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v.

Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)).  Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions.  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 355, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

Two limitations on the doctrine of judicial immunity exist.

First, Judges are absolutely immune from civil liability for actions taken in their official capacities, unless committed in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Stump, 435 U.S. at 360; Pierson, 386 U.S. at 554.
. . . .
Second, only judicial acts are protected by absolute judicial immunity.  Mireles, 502 U.S. at 12.  The United States Supreme Court in Stump explained that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Stump, 435 U.S. at 362; see also Forrester, 484 U.S. at 227-229.

Sakuma v. Assoc. of Condo. Owners of Tropics at Waikele ex rel. its Bd. of Dirs., Civil No. 08-00502 HG/KSC, 2009 WL 89119, at *3-4  (D. Hawai'i Jan. 13, 2009).  The allegations here relate solely to judicial acts taken by the judges in their official capacities, and were not committed in the complete absence of jurisdiction.

Order at 11-12.

To the extent Plaintiff alleges that the state judges acted without jurisdiction because they should have been disqualified, this argument challenges the state court judges' apparent decisions not to recuse or disqualify themselves from the underlying state court matters.  As discussed previously, this Court cannot review such final state court decisions, including the judicial determination to recuse or disqualify.  Again, Plaintiff's allegations relate to actions taken by the state judges in their official judicial capacities and are judicial in nature.  See In re Complaint of Judicial Misconduct, 366 F.3d 963, 965 (9th Cir. 2004) ("In the context of judicial immunity from suit, we have identified several factors to help determine whether an act is judicial or non-judicial in nature-whether: (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.").  This argument is not a proper basis for relief under Rule 59(e).

In sum, the Court finds that Plaintiff is not entitled to relief pursuant to Fed. R. Civ. P. 59(e).  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274

(D. Hawai'i 2006).  Although Plaintiff may sincerely disagree with the Court's conclusions, the Motion must be denied because it raises no new evidence, no intervening change in the law, and no manifest error of law or fact.  To be clear, Plaintiff has not demonstrated grounds for post-judgment relief and does not set forth any manifest error or injustice in the Court's Order or final judgment.  Moreover, having reviewed Plaintiff's proposed First Amended Complaint and noting that it repeats many of the deficiencies found in his original Complaint, the Court concludes that Plaintiff's proposed First Amended Complaint does not appear to state claim upon which relief can be granted.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Amend Judgment, filed March 9, 2012, is HEREBY DENIED.  The Clerk of Court is directed to serve the present Order on Attorney Thomas Collins and on Hawai'i State Attorney General David Louie, who in turn are asked to notify the respective named Defendants whom they represent or have represented that this Order has been entered.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 21, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GLENN MIZUKAMI V. DONNA C. EDWARDS, ET AL; CIVIL NO. 12-00103 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT**